CHARLES NEUBAUER v. THE STATE.

*No. 105. Decided February 3.*

1. **Recognizance.**—Since the act creating the Court of Criminal Appeals, a recognizance which binds the appellant to abide the judgment of the "Court of Appeals" is fatally defective.

2. **Misdemeanor—Jurisdiction on Appeal.**—Where the case originates in the Mayor's Court, and the fine imposed does not exceed $100, exclusive of cost, on an appeal taken to the County Court such judgment of the County Court is final, and no appeal lies therefrom to the Court of Criminal Appeals.

APPEAL from the County Court of Callahan. Tried below before Hon. E. E. SOLOMON, County Judge.

This prosecution was instituted in the Mayor's Court of the city of Baird, county of Callahan, State of Texas, by a complaint which charged appellant with permitting a nuisance to remain on his premises. At his trial in the Mayor's Court, he was found guilty and adjudged to pay a fine of $5 and costs. He appealed to the County Court, and was there again found guilty, and his punishment assessed at $5 and costs. He again appealed from said last judgment, and on the 12th day of November, 1892, he entered into a recognizance, obligating himself to abide the judgment of the Court of Appeals of the State of Texas in this case.

No further statement of the case is necessary.

No brief for appellant.

*R. L. Henry*, Assistant Attorney-General, for the State, moved the court to dismiss the appeal; first, because the case originated in the Mayor's Court, and being appealed to the County Court, the fine imposed was less than $100; second, because the recognizance was fatally defective, because it did not bind the appellant to abide the judgment of the Court of Criminal Appeals.

DAVIDSON, JUDGE.— 1.  The recognizance binds the appellant to "abide the judgment of the Court of Appeals," and was entered into by him on November 12, 1892.  There was at that date no such court known to the laws of this State.  The recognizance should have bound the appellant to abide the judgment of the Court of Criminal Appeals, as required by the Act of 1892, page 38, section 32.  Cummings v. The State, ante, p. 406.

2.  This cause originated in the Mayor's Court, and on appeal to the County Court defendant was fined in the sum of $5.  The judgment, therefore, became final in that court.  Where, on an appeal to the County Court from an inferior court, the fine imposed or judgment rendered in a criminal cause shall not exceed $100, exclusive of costs, the judgment shall be final in the County Court.  The motion of the Assistant Attorney-General is sustained on both grounds, and the appeal is dismissed.

*Appeal dismissed.*

Hurt, P. J., concurs.  Simkins, J., absent.