CHARLIE McDONALD v. THE STATE.

No. 7969.   Decided January 9, 1924.

1.—Drunkenness—Public Place—Want of Jurisdiction—Rule Stated.

It is said in article 86 C. C. P. that the Court of Criminal Appeals has appellate jurisdiction of all criminal cases; in article 87 C. C. P., however, it is expressly stated that the jurisdiction mentioned in article 86 supra does not embrace cases appealed from justices, mayors, or other inferior courts to the County Courts in which the judgment rendered and the fine imposed shall not exceed one hundred dollars.

2.—Same—Case Stated—Misdemeanor—Corporation Court.

Where appellant was charged and convicted in the Corporation Court of the City of Mineral Wells of drunkenness in a public place, and appealed to the County Court and the trial there resulted in a verdict and judgment of one dollar from which he appealed to this Court, the appeal must be dismissed for want of jurisdiction.

Appeal from the County Court of Palo Pinto.   Tried below before the Honorable E. L. Pitts.

Appeal from a conviction of drunkenness in a public place; penalty, a fine of one dollar.

The opinion states the case.

*S. D. Goswick,* for appellant.

*Tom Garrard and Grover C. Morris,* Assistants Attorney General.— Cited Holman vs. State, 166 S. W. Rep., 506, and cases cited in the opinion.

MORROW, PRESIDING JUDGE.—The offense is drunkenness in a public place; punishment fixed at a fine of one dollar.

Appellant was charged by complaint filed in the Corporation Court of the City of Mineral Wells with the offense of drunkenness in a public place, which was made an offense against the State by Article 204 of the Penal Code.

The appellant, upon his conviction, appealed to the County Court, and the trial there resulted in a verdict and judgment from which the

prosecution of this appeal is attempted. As a general rule, a misdemeanor case tried in the Corporation Court in which the fine does not exceed one hundred dollars, the judgment, on appeal to the County Court, is final. See Neubauer v. State, 31 Texas Crim. Rep. 513, and other cases collated in Vernon's Tex. Crim. Stat., Vol. 2, p. 47. It is said in Article 86 of the C. C. P., that the Court of Criminal Appeals has appellate jurisdiction of all criminal cases. In Article 87, however, it is expressly stated that the jurisdiction mentioned in Article 86, supra, does not embrace cases appealed from justices,' mayors or other inferior courts, to the County Court,. in which the judgment rendered and the fine imposed shall not exceed one hundred dollars. Based upon these statutes and their construction, the State's Attorney has objected to the consideration of the appeal in the present case upon the ground that this court is without jurisdiction.

No peculiarity in the case or in the jurisdiction of the Corporation Court in the town of Mineral Wells is pointed out as differentiating the present case from the general rule, or upon which this court would be authorized to entertain jurisdiction of the appeal.

The motion to dismiss the appeal is granted.

*Dismissed.*