## L. H. Mays v. The State.

No. 14050.   Delivered March 11, 1931.

16

The opinion states the case.

*Wander & Williamson,* of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Our State's Attorney prays for a dismissal of this appeal on the ground that the case originated in the Corporation Court of the City of Houston where appellant was convicted of "moral perversion" under an ordinance of said city defining such offense. An appeal was taken to the County Court at Law of Harris County where a trial de novo resulted in appellant's conviction with the punishment assessed at a fine of $100.00.

Article 53 C. C. P. (1925), provides: "The Court of Criminal Appeals shall have appellate jurisdiction co-extensive with the limits of the State in all criminal cases. This article shall not be so construed as to embrace any case which has been appealed from any inferior court to the county court or county court at law, in which the fine imposed by the county court or county court at law shall not exceed one hundred dollars."

Where the fine imposed on a trial de novo in the county court in a case appealed from an inferior court does not exceed one hundred dollars it has been the uniform holding that the judgment of the county court is final and no appeal lies therefrom to this court. Neubauer v. State, 31 Texas Crim. Rep., 513, 21 S. W., 363. Many cases are cited in Section 409 Branch's Ann. Tex. P. C. and in note 2 under Article 53 Vernon's Ann. Tex. C. C. P., Volume 1.

The motion of the State's Attorney is granted and the appeal is dismissed.

*Appeal dismissed.*