JOSEPHINE McCLOUDY v. THE STATE.

No. 14688.   Delivered January 6, 1932.

The opinion states the case.

*C. F. Cusack,* of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for misdemeanor theft. By Act of the 40th Legislature, p. 232, chap. 157, (Vernon's Ann. P. C., art. 1422), art. 1422, P. C., was amended so that theft of property of the value of $5 or under is punishable by a fine not exceeding $200. By such amendment justice courts were given jurisdiction to try such offenses under the provisions of article 60, C. C. P., permitting justice courts to try cases where the "fine to be imposed by law may not exceed two hundred dollars".

By complaint in the justice court appellant was charged with theft of property of the aggregate value of $4.90. Upon trial before a jury in that court she was convicted and fined $1. She appealed to the county court and upon a trial de novo was again convicted and her punishment there assessed at a fine of $5. It is from the last conviction this appeal is attempted to be prosecuted.

Our state's attorney suggests that this court has no jurisdiction of the appeal under the express terms of article 53, C. C. P., which confers

appellate jurisdiction upon the Court of Criminal Appeals in all cases except those "which have been appealed from any inferior court to the county court or county court at law in which a fine imposed by the county court or county court at law shall not exceed one hundred dollars."

The fine imposed in the county court in the present case having been only $5 brings said article 53 into operation. The motion of the state's attorney must be sustained. See Alkek v. State, 113 Texas Crim. Rep., 400, 22 S. W. (2d) 454; Rayburn v. State, 116 Texas Crim. Rep., 114, 31 S. W. (2d) 434; Mays v. State, 117 Texas Crim. Rep., 15, 36 S. W. (2d) 508. Many other authorities will be found collated in section 409, Branch's Ann. Tex. P. C., and in note 2, under article 53, Vernon's Ann. Tex. C. C. P., vol. 1, and under section 15, volume 4, Texas Jurisprudence.

*Dismissed.*