The judgment is reversed and the cause remanded.

### On Motion for Rehearing.

#### HAWKINS, J.

In a motion for rehearing by the state attention is called to the following statement in our original opinion: "They [the officers] entered at the back door which opened into the rear room * * * which, according to the testimony, was used by the appellant as a living room."

The representatives of the state construe the quoted language as meaning that the officers entered the living room through the back door to said room. This room was separated from the store by a partition wall in which was a door. The officers entered the store, which, of course, they had a right to do, but passed back through the open door in the partition wall into the living room. Here they had no right to go without a search warrant under the circumstances presented in the record. They saw no whisky or containers until after they had improperly entered the living quarters.

The motion for rehearing is overruled.

### LINDLEY v. STATE.
### No. 15762.

Court of Criminal Appeals of Texas.
Dec. 21, 1932.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

#### MORROW, P. J.

The prosecution is apparently based upon article 1056, P. C. 1925, and charges that the appellant unlawfully and intentionally diverted natural gas from the pipe lines of R. L. Pearcy.

The penalty allowed by statute is not less than $25 nor more than $100. The penalty assessed in the present instance is a fine of $25. The prosecution originated in the justice court and was appealed to the county court. Therefore, this court has no jurisdiction of the appeal. Such is the declaration of article 53, C. C. P. 1925. See, also, Ragsdale v. State (Tex. Cr. App.) 47 S.W.(2d) 278.

The appeal is dismissed.