## L. A. WILLIAMS v. THE STATE.

No. 17013.   Delivered November 14, 1934.
Reported in 76 S. W. (2d) 137.

The opinion states the case.

*Del W. Harrington, C. W. Smith,* and *J. M. Deaver,* all of El Paso, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was charged in the corporation court of the city of El Paso, Texas, with the offense of violating the traffic laws of said city. Upon the trial he was convicted and his punishment assessed at a fine of $100, from which said judgment of conviction he appealed to the county court of El Paso County where upon a trial in said court he was again convicted and his punishment assessed at a fine of $75, from which said judgment of conviction he sought to appeal to this court.

Article 53, C. C. P., reads as follows: "The Court of Criminal Appeals shall have appellate jurisdiction coextensive with the limits of the State in all criminal cases. This article shall not be so construed as to embrace any case which has been appealed from any inferior court to the county court or county court at law, in which the fine imposed by the county court or county court at law shall not exceed one hundred dollars." This article of the statute has many times been construed by this court. See Neubauer v. State, 31 Texas Crim. Rep., 513; Lindley v. State, 55 S. W. (2d) 846; Ragsdale v. State, 47 S. W.. (2d) 278; McCloudy v. State, 45 S. W. (2d) 207.

It is quite evident from the article of the Code of Criminal Procedure hereinabove quoted and the decisions hereinabove referred to that this court has not jurisdiction of this case, and therefore the appeal is dismissed for want of jurisdiction.

*Dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.