## DICK NICHOLS V. THE STATE.

No. 17574.  Delivered May 22, 1935.
State's Rehearing Granted June 19, 1935.

The opinion states the case.

*Jas. L. Abney,* of Brownsville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The conviction is for a misdemeanor, the punishment being assessed at a fine of twenty-five dollars.

The prosecution appears to have originated in the county court of Brooks County.  The complaint was sworn to and filed in the office of the county clerk May 26, 1934.  No information appears in the record.  In the judgment of the court it is recited that the State appeared by her county attorney.

Chapter 85, Acts Regular Session, 42nd Legislature, page 128, undertakes to amend Art. 29, C. C. P., by providing that in counties having no county attorney misdemeanor cases may be tried upon a complaint alone.  If said act should be upheld, it is observed that the record shows that Brooks County had a county attorney.  Hence the act would be inapplicable.  Moreover, there is no averment in the complaint that Brooks County had no county attorney.  In Day v. State, 74 S. W. (2d) 699, it was said, in effect, that if the act should be sustained it would be necessary where the prosecution was on complaint alone that there be an averment in said complaint that there was no county attorney.

The judgment is reversed and the cause remanded.

MORROW, P. J., absent.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON STATE'S MOTION FOR REHEARING.

CHRISTIAN, JUDGE.—Since the opinion reversing the judgment of the trial court herein was delivered, counsel for the State has filed a supplemental transcript in which it is shown that the prosecution originated in the justice court. After an appeal to the county court, and, upon a trial de novo, judgment was entered assessing a fine of twenty-five dollars against the appellant. Art. 53, C. C. P., reads as follows:

"The Court of Criminal Appeals shall have appellate jurisdiction co-extensive with the limits of the State in all criminal cases. This article shall not be so construed as to embrace any case which has been appealed from any inferior court to the county court or county court at law, in which the fine imposed by the county court or county court at law shall not exceed one hundred dollars."

Under the circumstances, this court has no jurisdiction of the appeal. Lindley v. State, 55 S. W. (2d) 846.

The State's motion for rehearing is granted; the judgment of reversal is set aside, and the appeal dismissed.

*Dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.