Ex Parte E. J. Schexnayder.

No. 18170. Delivered December 4, 1935.

472

The opinion states the case.

*Quentin Keith,* of Port Arthur, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KREUGER, JUDGE.—Relator was charged by complaint filed in the justice court of precinct No. 2 of Jefferson County with the offense of unlawfully selling intoxicating liquor after an election had been held by the qualified voters of said county to determine whether or not the sale of intoxicating liquor shall be prohibited in said county. It was averred that the commissioners' court of said county had duly made, passed and entered its order declaring the result of said election and prohibiting the sale of intoxicating liquors in said county, which order had been published for the time and in the manner required by law; said election having been held on the 31st day of January, 1919, etc. Upon a hearing before the justice of the peace, who was sitting as a magistrate, relator was bound over to await the action of the grand jury. Thereafter he applied to the Honorable R. A. Shivers, Judge of the district court in and for Jefferson County, for a writ of habeas corpus by which he sought his release. Upon a hearing the judge made a similar order as that of the magistrate, to which relator duly excepted and gave notice of appeal to this court.

Relator had not been tried. He had not even been indicted, charged with the offense; yet he is seeking by means of a writ of habeas corpus to have this court determine in advance of trial in a court of competent jurisdiction whether the facts agreed upon show him guilty of an offense. This court has heretofore consistently declined to do so. See Ex parte Meers, et al., not yet reported (page 465 of this volume).

However, since the above order in this case was made, the law penalizing one convicted for selling liquor has been re-

pealed. Therefore relator is entitled to be discharged and it is so ordered.

*Relator discharged.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.