## JACK CORLEY v. THE STATE.

No. 21491.  Delivered March 12, 1941.
Rehearing Denied April 9, 1941.

The opinion states the case.

*B. P. Maddox,* of Tahoka, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

Conviction for a misdemeanor; punishment being assessed at a fine of $10.00.

The prosecution originated in the justice court. After an appeal to the county court, and, upon a trial de novo, judgment was entered assessing a fine of $10.00 against the appellant. Article 53, C. C. P., reads as follows:

"The Court of Criminal Appeals shall have appellate jurisdiction coextensive with the limits of the State in all criminal cases. This article shall not be so construed as to embrace any case which has been appealed from any inferior court to the county court or county court at law, in which the fine imposed by the county court or county court at law shall not exceed one hundred dollars."

Under the terms of the statute this court has no jurisdiction of the appeal. Nichols v. State, 84 S. W. (2d) 725; Harlan v. State, 134 S. W. (2d) 289.

The appeal is dismissed.

The foregoing opinion of the Commission of Appeals has

been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

BEAUCHAMP, Judge.

Appellant has filed a motion for rehearing and to have his appeal reinstated, in which he attacks the jurisdiction of the justice court to try the case originally, and of the county court on appeal.

We do not think that the question of jurisdiction of these courts may be raised in this manner. We adhere to our holding that we have no jurisdiction to decide any matter presented, and the motion for rehearing is denied.