EX PARTE HOWARD EARL HOLLAND.

EX PARTE CHARLES F. BELL.

EX PARTE L. W. HOUTCHENS.

Nos. 23001, 23002, and 23003. Delivered November 29, 1944.

The opinion states the case.

*Rawlings, Sayers & Scurlock* and *Frank H. Rawlings,* all of Fort Worth, for appellants.

*Grover Sellers,* Attorney General, *David W. Heath,* Assistant Attorney General and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Because each of these cases involves the same question, they are here consolidated and disposed of together.

Appellants, relators in the court below, were each charged, by separate complaint, in the Justice Court of Tarrant County with a violation of the Motor Carrier Act (Art. 911b, Vernon's Revised Civil Statutes, and Art. 1690b, Vernon's Penal Code).

The complaint alleged facts by and upon which the State contended that appellants, each operating as a motor carrier, transported property for hire over a public highway of this State without having first secured from the Railroad Commission of this State a certificate of public convenience and necessity, as required by the Motor Carrier Act.

Writs of habeas corpus were sued out before the county judge seeking discharge from custody, based upon warrants of arrest issued by reason of said complaints.

After hearing, the county judge denied the relief prayed for and remanded appellants to the custody of the arresting officer. From this order, notice of appeal was given to this Court.

The writs of habeas corpus were sued out upon the theory and contention that the facts set forth in the complaint, and upon which the State relied, did not show appellant guilty of a violation of the Motor Carrier Act or of any other law. In keeping with this contention, the facts were developed and agreed upon at the hearing. Appellants contend that the facts so developed show that they have not violated any law.

The first and paramount question before us is the jurisdiction of this Court to entertain this appeal.

Note is taken of the fact that appellants make no claim that the Motor Carrier Act is invalid in so far as it makes it unlawful for one to transport, by motor vehicle, property for hire over the public highways of this State without a certificate of public convenience and necessity from the Railroad Commission of this State, as provided for and contemplated in the Motor Carrier Act. In fact, appellants concede, for the purpose of this proceeding, the validity of the Act in the particular mentioned. What the appellants contend, then, is that the acts charged against them do not charge a violation of the law nor do the facts show them to be guilty of violating the law.

In its final analysis, by this proceeding appellants would have this Court determine, in advance of trial, whether they are guilty of violating the law.

It has been the consistent holding of this Court that such may not be done by the writ of habeas corpus nor may such writ be used or resorted to for that purpose. Ex Parte Schexnayder, 129 Tex. Cr. R. 471, 88 S. W. (2d) 480; Ex Parte Meers, 129 Tex. Cr. R. 465, 88 S. W. (2d) 100; and authorities listed under Texas Digest, Vol. 19, Habeas Corpus, Secs. 3 and 4.

Appellants, in their brief and in oral argument, insist that the use of the writ here pursued is authorized under the authority of Ex Parte Roquemore, 131 S. W. 1101. We do not so construe the holding in the Roquemore case. There the issue was whether or not there was a law making unlawful the acts charged, not whether the acts charged brought the accused within the terms of a valid law, as here presented. However, if Ex Parte Roquemore, supra, be construed as authorizing this proceeding, then as to such construction, it is hereby expressly overruled.

Being without jurisdiction, the appeal in each of the cases mentioned is hereby dismissed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.