EX PARTE A. L. LOWERY.

No. 23741. Delivered May 28, 1947.
Rehearing Denied October 8, 1947.

McAlister & Tucker, of Nacogdoches, for appellant.

Ernest S. Goens, State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

This is an appeal from the County Court of Nacogdoches County from an order of the county judge remanding relator to the custody of the sheriff until he makes bond in the sum of $300.00, conditioned as required by law.

Capias was issued in this cause on the 28th day of April, 1947. On the same date the sheriff made his return, showing that he executed the same at four-twenty P. M. by arresting appellant, "* * * and taking bond, which is herewith returned." On the 30th day of April appellant filed his petition saying that he was illegally restrained of his liberty.

The application for writ of habeas corpus referred to the capias as a basis for the writ, saying that he was unable to attach a copy because it was in the hands of the sheriff. In answer to the writ the sheriff attached a copy of the capias, showing the foregoing facts, as to the arrest and the making of bond. This answer is as much a part of the record as the application itself, and it is shown by the completed pleadings in the case that the applicant was not in the custody of the sheriff. The procedure that took place thereafter was immaterial. The question appears in the record as moot. For this reason the appeal is dismissed.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

In his motion for a rehearing relator evidences much dissatisfaction with the original opinion herein in language that would probably best be left unsaid. Much of relator's dissatisfac-

tion seems to be based upon the proposition that he wanted an early trial on the matter charged and an opportunity to predicate an indictment for perjury against the prosecuting witness provided such witness swore certain things.

There are many irregularities present in the record. It is shown therefrom that the County Court was in regular session at the time of this purported trial, and we have often held that the writ of habeas corpus cannot be substituted for a trial upon its merits. See Ex Parte McCuistian, 88 S. W. (2d) 479, 129 Tex. Cr. R. 464; Ex Parte Holland, 183 S. W. (2d) 975, 147 Tex. Cr. R. 619. In the present case, appellant himself stated that the purpose of his purported writ was to show his innocence and not to determine the amount of bond.

Evidently the County Judge took the pleadings on their face and made his ruling therefrom. The caption of the record shows a regular term of the court to be in session; it then shows a complaint and information charging a misdemeanor offense; it next shows a capias issued to the sheriff for the arrest of relator, such capias showing the return of the sheriff in which it is said:

"Came to hand the 28 day of April A. D. 1947, at 3 o'clock P. M., and executed on the 28 day of April A. D. 1947, at 4:20 o'clock P. M., by arresting the within named A. L. Lowery at Nacogdoches in Nacogdoches County, Texas, and taking bond, which is herewith returned."

There then follows in the transcript an application of relator for the issuance of the writ of habeas corpus. This is followed by a waiver of the sheriff of the issuance and service of a writ of habeas corpus, and an agreement to present relator before the county judge, at which time said judge, upon presentation of the request for the issuance of the writ and the different documents above outlined, remanded relator to the custody of the sheriff pending the execution of a bond for $300.00 to which relator excepted and gave notice of appeal to this court.

We think that this record shows that no writ of habeas corpus was ever awarded to relator. The sheriff has not the power to grant such writs nor the power to waive the issuance thereof, and no such writ appears in the record. The writ, had it been granted, could not be used for the purpose of establishing guilt or innocence.

Again, in the pleading requesting the writ, it is shown that

relator was not in custody at such time and therefore was not entitled to the writ.

If relator was dissatisfied with the trial court's failure to grant him his writ, he had a further remedy. See Ex Parte Lynn, 19 Tex. App. 120; Ex Parte Gregory, 20 Tex. App. 210.

We think the relator's reasons for asking for this writ were insufficient to cause its granting, the procedure therein was incorrect, many of his allegations in his motion are not evident from the record, and the pleadings on their face evidence the correctness of the trial judge's action in refusing to entertain this application. The matter is shown by such pleading to be moot, and we adhere to the views expressed in our original opinion herein.

The motion for rehearing is therefore overruled.