[Crim. No. 2016.   Third Dist.   June 10, 1947.]

In re TRANQUILINO DEL ROSARIO ANCHETA, on Behalf of HAZEL VIRGINIA FLETCHER ANCHETA, on Habeas Corpus.

Gordon A. Fleury and Richard J. Lawrence for Petitioner.

THE COURT.—By means of habeas corpus the petitioner Tranquilino del Rosario Ancheta seeks to obtain release from the alleged restraint of the liberty of Hazel Virginia Fletcher Ancheta, his wife, by her parents. An answer to the petition denies the material allegations thereof. From the undisputed evidence adduced at the hearing by this court, it appears that Hazel, the wife, is not restrained of her liberty. There is no merit in the petition.

The petition alleges that Tranquilino del Rosario Ancheta and Hazel Fletcher were lawfully married in the State of Washington on March 17, 1947. That fact is conceded by the answer. Hazel is fifteen years of age. After the marriage was consummated, and the spouses returned to California, Hazel was returned to her parents and is now living with them at their home in Yolo County. Hazel was sworn and testified positively, at the hearing of this writ, that she was not restrained of her liberty by either of her parents, and

that she did not wish to return to her husband. Mr. R. V. Fletcher, the father of Hazel, testified that neither he nor his wife had forbade her returning to her husband, or had done anything to prevent her from doing so; that they had not restrained her of her liberty in any particular, but that, on the contrary, she was perfectly free to return to her husband whenever she desired to do so. There was absolutely no evidence to the contrary. Mr. Ancheta failed to take the witness stand in his own behalf. From the uncontradicted evidence it appears without conflict that the parents of Hazel are not restraining their daughter's liberty, as alleged in the petition, or at all.

█ Ordinarily, the burden of proof is on the petitioner to show by a preponderance of evidence the alleged illegal detention. (13 Cal.Jur. 275, § 53.) █ The asserted restraint of liberty must be shown to have been actual, illegal and involuntary. (13 Cal.Jur. 221, § 5.) No such showing appears in this case.

The writit is discharged.