tious trial judges need not be misled into making such remarks. Juries are given to having great respect for the presiding judge in a case in which they are called to serve. This is as it must be. He is before them as an impartial but wise and just man, serving in that position of importance before them. Any remark made by the trial judge is studied and weighed by the members of a jury. It is a matter of common knowledge that many jurors desire to do that which is pleasing to the judge. The legislature, in full appreciation of the subject of their legislation, has evidenced in the language of the above quoted article a determination to relieve the trial judge of any power to direct the thinking of his jurors. The statute is mandatory. See 4 Tex.Jur., Sec. 411, p. 582; English v. State, 85 Tex.Cr.R. 450, 213 S.W. 632; Chambers v. State, 103 Tex. Cr.R. 674, 282 S.W. 235; and McDonald v. State, 149 Tex.Cr.R. 211, 193 S.W.2d 216.

For the error herein discussed the judgment of the trial court is reversed and the cause is remanded.

---

No attorney on appeal for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

GRAVES, Presiding Judge.

The conviction is for disturbing the peace; the penalty assessed is a fine of $1.

The prosecution originated in the justice court. After an appeal to the county court, and, upon a trial de novo, judgment was entered assessing a fine of $1 against the appellant.

Under the terms of Article 53, Vernon's C.C.P., this court has no jurisdiction of the appeal. See Corley v. State, 141 Tex. Cr.R. 478, 149 S.W.2d 99, and cases there cited.

The appeal is dismissed.

## McCURLEY v. STATE.
### No. 25506.
Court of Criminal Appeals of Texas.
*Nov. 21, 1951.*

## Ex parte EARP.
### No. 25612.
Court of Criminal Appeals of Texas.
*Nov. 21, 1951.*

No attorney on appeal.

George P. Blackburn, State's Atty., of Austin, for the State.

DAVIDSON, Commissioner.

This is an appeal from the order of the judge of the District Court of Smith County, refusing to discharge appellant, upon writ of habeas corpus, from arrest and restraint by virtue of a capias pro fine issued out of the County Court of Smith County.

The record is without statement of facts or bills of exception.

The judgment is affirmed.

Opinion approved by the court.

## Ex parte DU BOIS.
### No. 25362.

Court of Criminal Appeals of Texas.
June 27, 1951.

Rehearing Denied Nov. 21, 1951.

Charles W. Tessmer, Dallas, for appellant.

Henry Wade, Criminal Dist. Atty., Charles S. Potts, Asst. Dist. Atty., Dallas, George P. Blackburn, State's Atty., of Austin, for the State.

MORRISON, Judge.

Upon the demand of the Governor of the State of California, the Honorable Ben Ramsey, Lieutenant Governor of this State, and as Acting Governor, issued his requisition authorizing appellant's arrest and return to the State of California as a fugitive from justice of that state.

Under that requisition, appellant was arrested, and sought his discharge therefrom