Ross M. GREEN

v.

Ewald WIESE, Sheriff of Wells County,
North Dakota.

Cr. 272.

Supreme Court of North Dakota.

Sept. 28, 1956.

---

Lord & Ulmer, Mandan, for plaintiff and respondent.

Leslie R. Burgum, Atty. Gen., Kenneth M. Moran, Asst. Atty. Gen., Samuel Krause, Wells County State's Atty., Fessenden, for defendant and applicant.

SATHRE, Justice.

The Attorney General has petitioned this court to exercise its original jurisdiction and to issue a supervisory writ to review the propriety, regularity and validity of a certain order issued by the district court, fourth judicial district, Wells County, vacating and setting aside an order of commitment issued by the county court of Wells County, binding one Ross M. Green over to the district court for trial on the charge of manslaughter. The undisputed facts upon which the application for a supervisory writ is founded are as follows:

A complaint was filed with the judge of the county court of Wells County, North Dakota, the same being a court of increased criminal and civil jurisdiction, charging Ross M. Green with the crime of manslaughter in the first degree. A warrant for arrest of said Green was issued by the said court and he was brought before the court and thereafter a preliminary hearing was had after which the said Ross M. Green was bound over to the district court of Wells County for trial.

His bail was fixed at $2,000 which was promptly furnished.

Thereafter the said Ross M. Green made application to the district court of Wells County for a writ of habeas corpus which application is as follows:

"Comes now Ross M. Green, by John F. Lord of Lord & Ulmer, Attorneys at Law, Mandan, North Dakota, his counsel, and respectfully shows and represents to the court.

"1. That Ross M. Green is restrained of his liberty by Ewald Wiese, Sheriff of Wells County, North Dakota.

"2. That the cause or pretense of such restraint according to the knowledge, information and belief of the applicant and his attorney, is a criminal complaint charging the said Ross M. Green, with the crime of First Degree Manslaughter, and a warrant issued thereunder, pursuant to which the said Ross M. Green was arrested, and pursuant to preliminary hearing demanded by the said Ross M. Green and held at the Court House in Fessenden, North Dakota August 22, 1955 before the Hon. B. F. Whipple, county judge of Wells County, an Order was entered, a copy of which is attached hereto, binding the said Ross M. Green over to the district court of Wells County for trial at the next term of Court, for the crime of Manslaughter in the first degree.

"3. That said restraint is illegal for the following reasons:

"(a) The jurisdiction of the County Court of Wells County has been exceeded.

"(b) That although the imprisonment at first was lawful, by reason of the failure of the State to show the commission of any crime at the preliminary hearing hereinbefore mentioned, the said Ross M. Green is entitled to a discharge.

"(c) That the said Ross M. Green, has been committed on said criminal charge without reasonable or probable cause.

"Wherefore, applicant prays the Court for issuance of a Writ of Habeas Corpus, directed to the said Ewald Wiese, Sheriff of Wells County, North Dakota commanding him to have the body of Ross M. Green, before the Court, at Jamestown, North Dakota at such time as the Court shall fix, with regard to the circumstances and the distance to be travelled.

"Ross M. Green
"Applicant-Plaintiff

"By Lord & Ulmer
"Attorneys for Applicant-Plaintiff".

Upon such application the district court issued a writ of Habeas Corpus as follows:

"The State of North Dakota, to. Ewald Wiese, Sheriff of Wells County, North Dakota.

"You Are Hereby Commanded To have the body of Ross M. Green, by you detained and restrained as is alleged, together with the time and cause of such imprisonment and detention, by whatever name the said Ross M. Green shall be called and charged, before Hon. Harry E. Rittgers, Judge of the District Court of Jamestown, North Dakota at the Court House, on the 3rd day of October, 1955, 1–30 o'clock P.M. to do and receive what shall then and there be considered concerning the said Ross M. Green, and have you then and there this writ.

"It Is Further Ordered that this Writ be delivered by the Clerk of the District Court at Wells County to Ewald Wiese, Sheriff of Wells County, North Dakota, at least three (3) days prior to the date set for hearing herein.

"By the Habeas Corpus Act.
"Dated September 27th, 1955
"By the Court
"/s/ Harry E. Rittgers,
"Judge of District Court."

The Sheriff of Wells County filed his return to the said Writ of Habeas Corpus which is as follows:

"The return of Ewald Wiese, Sheriff of the County of Wells, State of North Dakota to the Writ of Habeas Corpus in the above entitled action:

"In obedience to the Writ of Habeas Corpus I do hereby certify and return to the District Court that neither at the time of the allowance of the said writ nor at any time since, was the said Ross M. Green, therein mentioned by whatever name he may be called, in my custody, possession or power, or restrained by me of his liberty.

"Wherefore: I cannot have his body before you as by the Writ I am commanded.

"Dated this third day of October, 1955 at Fessenden, North Dakota.
"/s/ Ewald Wiese,
"Sheriff of Wells County,
"State of North Dakota."

"Order for Discharge of Accused and for Exoneration of Bond.

"The above entitled matter having come duly on for hearing before the undersigned, one of the Judges of the above entitled Court, upon the writ of habeas corpus issued by the Court herein under date of September 27, 1955, on the return day of said writ, to-wit: October 3, 1955 in Chambers in the Court House at Jamestown, North Dakota, the plaintiff being present in person and by his attorney, John F. Lord of Lord & Ulmer, Mandan,

North Dakota and Vincent LaQua of Fessenden, North Dakota, and the defendant Ewald Wiese, Sheriff of Wells County, North Dakota, being present in person and by his attorneys, Samuel B. Krause, State's Attorney of Wells County, Attorney General of North Dakota, Leslie Burgum, and Assistant Attorney General Kenneth Moran; and the defendant having made his return which has been filed herein; and the parties having stipulated the Record to the Court, including the fact that the plaintiff, Ross M. Green was not in physical custody of the defendant Sheriff, by reason of having given bond in the sum of Two Thousand ($2000.00) Dollars; and the defendant having raised the question as to the application of a writ of habeas corpus when the accused had been admitted to bond; and the Court having heard argument on that question, and upon the entire Record:

"It Is Ordered, That the Writ of Habeas Corpus properly lies to challenge the commitment of the accused, whether or not he has been admitted to bail and is free of actual custody on bond; and

"It Is Ordered, That the Record of the preliminary hearing failing to show the commission of a crime, that there is no probable cause to hold the accused, Ross M. Green, for trial, and that he be and hereby is discharged from custody, and that his bond filed for appearance for trial of the District Court be and the same is hereby exonerated.

"Dated at Jamestown, North Dakota this 5th day of October, 1955.
"By the Court:
"/s/ H. E. Rittgers
"Judge of the District Court."

Counsel for Green argues that the transcript of the proceedings before the committing magistrate was competent evidence for consideration by the district court

in the habeas corpus proceedings in determining whether there was probable cause to bind the defendant Green to the district court. The attorney general contends, however, that habeas corpus proceedings will not lie where as in the instant case the defendant is not restrained of his liberty.

Section 32–2217, NDRC 1943 provides:

"If it appears on the return of the writ that the party is in custody by virtue of process from any court of this state, or any judge or officer thereof, such person may be discharged in any of the following cases, subject to the restrictions of section 32–2202".

Then follow several subdivisions specifying the conditions entitling a party who is held in custody to discharge. None of these conditions apply to the defendant Ross M. Green since the sheriff's return shows that he is not in custody and is not restrained of his liberty. The statute quoted can therefore have no application to the habeas corpus proceedings in the instant case.

An examination of the statutes governing habeas corpus proceedings make it clear that a petitioner for a writ of habeas corpus must establish that he is imprisoned or is restrained of his liberty.

Section 32–2201, NDRC 1943 provides as follows:

"Every person *imprisoned or restrained of his liberty* under any pretense whatever, may prosecute a writ of habeas corpus to inquire into the cause of such imprisonment or restraint and thereby, except in the cases specified in sec. 32–2202, obtain relief from such imprisonment or restraint if it is unlawful."

Sections 32–2203 and 32–2204, NDRC 1943 likewise provide that a petitioner for a writ of habeas corpus must be imprisoned or deprived of his liberty.

The nature and sufficiency of restraint to warrant intervention by habeas corpus proceedings is thus defined in 39 C.J.S., Habeas Corpus, § 9, pages 439, 440;

"An actual restraint is necessary to warrant interference by habeas corpus; but any restraint which precludes freedom of action is sufficient, and actual confinement in jail is unnecessary. The writ may be denied where the prisoner is released on parole, or only confined within the jail limits, or where the restraint is merely nominal or moral.

\* \* \* \* \* \*

"Persons discharged on bail are not restrained of their liberty so as to be entitled to discharge on habeas corpus. However, on their surrender to the proper officers by their sureties habeas corpus may lie, although it has been held that habeas corpus will not issue, if, after having been admitted to bail, the petitioner is surrendered by his bondsmen solely for the purpose of making out a case to support the issuance of the writ."

In the case of Ex Parte Nichols, 158 Tex.Cr. 218, 254 S.W.2d 518, 519, the Supreme Court of the State of Texas said:

"Furthermore, relator is not entitled to a writ of habeas corpus because it is shown by the allegations, as well as the affidavit filed herein, that he is not under restraint by anyone at the present time, but is at large, and that he has not paid the fine assessed by the judgment of the County Court."

In 25 Am.Jur. Sec. 24, page 158, Habeas Corpus, is the following statement:

"An actual or physical restraint is necessary to warrant interference by habeas corpus. There must be a duress or restraint of the person whereby he is prevented from exercising the liberty of going when and where he pleases."

In the case of Ex Parte Robilotto, 24 N.J.Super. 209, 94 A.2d 207, 209, the Supreme Court of New Jersey held that:

"A person accused of crime, who is on bail, is not imprisoned or restrained of his liberty, so as to justify resort to habeas corpus."

In the case of Ex Parte Ancheta, 80 Cal.App.2d 255, 256, 181 P.2d 686, the Supreme Court of California said:

"Ordinarily, the burden of proof is on the petitioner to show by a preponderance of evidence the alleged illegal detention. 13 Cal.Jur. 275, sec. 53. The asserted restraint of liberty must be shown to have been actual, illegal, and involuntary. \* \* \* No such showing appears in this case."

Likewise in the case of Ex Parte Lowery, 151 Tex.Cr.R. 45, 204 S.W.2d 519, it was held that where it was shown that relator was not in custody at the time of his application for writ of habeas corpus, relator was not entitled to the writ.

In the case of State ex rel. Johnson v. Broderick, 75 N.D. 340, 27 N.W.2d 849, 859, the relator applied for a supervisory writ directed to the district court. In that case the said court had released or was about to release an inmate from the State Training School in habeas corpus proceedings. Since no appeal lies from the decision of the district court in habeas corpus proceedings the application was made to this court for a supervisory writ. In granting the supervisory writ this court said:

"The power of superintending control will not be exercised upon light occasions or where there is adequate remedy by appeal or otherwise. In this state no appeal lies from a decision in a habeas corpus proceeding. State ex rel. City of Bismarck v. District Ct., 64 N.D. 399, 253 N.W. 744. But the action of a district court in such proceeding may be reviewed and

controlled through the exercise of the power of superintending control even though the trial court has entered a final order discharging the petitioner."

Under the statutes quoted herein and the judicial decisions cited it is clear that a petitioner for a writ of habeas corpus must establish that he actually is restrained of his liberty. The petitioner in the instant case has not in any manner been restrained of his liberty. He has at all times been free to go any place he might choose in the state or out of the state without any restrictions whatsoever.

When Ross M. Green, the defendant in the criminal action involved here was bound over to the next term of the district court his bail was fixed at $2,000. His bail was furnished and thereafter he was never in the custody of the sheriff and his liberty was never restrained. He was at large at the time of the commencement of the habeas corpus proceedings. It is the contention of the attorney general therefore, that the said Ross M. Green was not restrained of his liberty within the meaning of the statutes governing habeas corpus proceedings or any other law pertaining to same, and therefore he was not entitled to a writ of habeas corpus. At the hearing upon the application for a writ of habeas corpus the petitioner introduced in evidence a transcript of the proceedings had before the committing magistrate at the preliminary hearing. The district court examined the said transcript and held that it failed to show the commission of the crime charged, and that there was no probable cause to hold the said Ross M. Green. The district court thereupon ordered the said Ross M. Green discharged from custody and his bond exonerated.

It is the contention of the attorney general that the only question before the court in the habeas corpus proceeding was whether or not the petitioner was actually restrained of his liberty. The facts show that the said Ross M. Green was at liberty under bond since the preliminary hearing and at no time was he in the custody of the sheriff, nor had the sheriff at any time attempted to exercise any physical control over him.

It is further contended by the attorney general that since Green was not in any way restrained of his liberty he had no grounds for relief in habeas corpus proceedings, and that it was error on the part of the district court to give consideration to the transcript of the proceedings in the preliminary hearing since the petitioner was neither imprisoned nor under any restraint of his liberty. We think the contention of the attorney general is correct. We conclude therefore upon the record and the law that the purported order of the Honorable H. E. Rittgers, judge of the district court of Wells County, entered in the habeas corpus proceedings against the Sheriff of Wells County discharging the said Ross M. Green and exonerating his bail was in all things null and void and of no effect. Accordingly it is ordered that a writ issue out of this court directing the Honorable H. E. Rittgers, judge of the said district court, to enter an order vacating the said purported order entered in the said habeas corpus proceeding and declaring the same in all things null and void and without any legal effect.

BURKE, C. J., and JOHNSON, GRIMSON and MORRIS, JJ., concur.