Ex Parte H. D. Mollohan.

No. 12238.   Delivered October 24, 1928.

The opinion states the case.

*Whitaker & Peticolas* of El Paso for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—At a habeas corpus hearing appellant was remanded to the custody of the Sheriff of El Paso County, from which judgment he has appealed to this Court.

Six felony indictments were returned against appellant, each of them charging him in the first count with forgery and in the second count with knowingly passing a forged instrument. He was tried on one of these indictments, convicted and sentenced to serve two years in the penitentiary, and his bond on appeal being fixed by the Court at the sum of $2500.00. His bonds in the other five felony

cases were fixed at the sum of $1000.00 each. He has been unable to make any of these bonds and is in custody. The facts show that appellant had in his possession six notes of the same series; that these were put up as collateral with a bank in El Paso to secure a loan made to him at the time for the sum of $7250.00. Appellant was convicted upon the second count of the indictment and it is the theory of the appellant that the criminal acts charged against him in the several indictments were one transaction and that therefore the State cannot legally convict him upon the remaining five indictments. If we comprehend his position, he seeks here to have the aforesaid bond of $2500.00 reduced and to have us declare that the appellant cannot be tried upon the remaining five indictments and to order his discharge in each of said cases. His last position is in effect a contention that since a plea of former jeopardy or former conviction as to the remaining cases would be good, that he cannot be legally held under bond in such cases. It has been specifically held that "the writ of habeas corpus cannot be resorted to for the purpose of discharging an appellant on a plea of former jeopardy." Ex parte Crofford, 39 Tex. Crim. Rep. 547. Nor can a writ of habeas corpus be used to review the regularity of proceedings in inferior courts nor to fill the office of a writ of error or appeal. Ex parte Morgan, 57 Tex. Crim. Rep. 551, and authorities there cited. It has also been held habeas corpus will not lie where the remedy at law is adequate nor will it lie after indictment to prevent a trial on the merits, although the agreed statement of facts shows that the accused is not guilty. Ex parte Windsor, 78 S. W. 510; Ex parte Kent, 49 Tex. Crim. Rep. 12. As further bearing upon this question, see Ex parte Beverly, 34 Tex. Crim. Rep. 644; Ex parte Scwartz, 2 Tex. Crim. App. 74; Ex parte Cain, 56 Tex. Crim. Rep. 538; Ex parte Taylor, 63 Tex. Crim. Rep. 571. It is alleged by appellant that an appeal is pending in this Court from the aforesaid conviction. A copy of appellant's brief in said case is found in the record in the instant case. Several references are made by appellant to same, as well also as to the record in his pending case. We cannot be guided in any manner in the disposition of the questions involved on this appeal by the merits of some other appeal. If by writ of habeas corpus appellant can have questions of law passed on in advance of his trial, either in the lower or appellate court, it would tend to destroy orderly procedure and to abrogate the statutory provisions enacted and in force since the beginning of our jurisprudence for the trial of cases. Such questions cannot be thus brought before us as this clearly

would substitute the remedy of habeas corpus for the right of appeal. The statute has provided a complete and adequate remedy for appellant in matters of this kind. What has been said, we think, makes it plain that we cannot in this proceeding order the discharge of appellant upon the said cases pending and untried.

The facts shown in this record make it very doubtful whether the different criminal acts charged in the various indictments are a part and parcel of the same transaction and even if we departed from the rule in such cases, we would not be able to hold with appellant's view as there is nothing in the record which makes it conclusive that appellant's theory is supported by the facts.

Referring to the excessiveness of bail, the aggregate of the amount obtained by appellant by reason of his alleged criminal acts was almost identical with the aggregate of the bonds required of him. Without detailing all the testimony, suffice it to say that in our opinion the sum of $2500.00 for the appeal bond was not excessive nor do we think the amount of bonds in the aggregate was excessive under the facts of this case.

The judgment of the trial court is therefore affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.