EX PARTE ELBERTIS FISHER.

No. 13588. Delivered May 7, 1930.
Rehearing denied June 4, 1930.
Reported in 28 S. W. (2d) 561.

The opinion states the case.

*W. B. Lea* and *Barret Gibson* both of Marshall, for appellant.

*John E. Taylor,* County Attorney and *Benjamin Woodall,* Assistant County Attorney both of Marshall, and *A. A. Dawson,* State's Attorney of Austin, for the State.

CHRISTIAN, JUDGE.—Appellant was convicted in the district court of Harrison County for the offense of theft of cattle, and his punishment assessed at confinement in the penitentiary for two

years. Motion for a new trial was overruled and appellant gave notice of appeal to this court, which notice was properly entered of record. On April 19, 1930, at the term of court at which appellant was convicted, sentence was duly pronounced upon him. It appears that in the trial of the case there was evidence to the effect that the injured party had promised appellant not to prosecute him if he would pay him for his stolen cattle. The court instructed the jury that the injured party was an accomplice as a matter of law. At the same term of court at which he was convicted appellant made application for a writ of habeas corpus, wherein he alleged that he was illegally restrained of his liberty by the sheriff of Harrison County under and by virtue of the sentence imposed upon him in the case to which reference has been made. The writ being granted, a hearing was had and the trial court entered judgment remanding appellant to the custody of the sheriff. From the judgment remanding him, appellant has perfected his appeal.

It is appellant's contention that the finding of the trial court that the injured party was an accomplice is tantamount to a finding that there is no evidence upon which a judgment of conviction for theft of cattle can be predicated. Appellant had his right of appeal, and notice of appeal was duly entered. This court declines to permit the writ of habeas corpus to usurp the function of an appeal. Ex parte Evans, 4 S. W. (2d) 67; Ex parte Jarvis, 3 S. W. (2d) 84, and authorities cited.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—Counsel for the appellant has presented an ingenious brief combating the decision reached on the original hearing asserting in effect that the conclusion there stated was wrong both as to the law and the facts.

"A habeas corpus proceeding is a collateral and not a direct proceeding, and is available against an order of court only in the event the order is void." (Ex parte McKay, 82 Tex. Cr. R. 225.)

The appellant is under conviction for a felony of which this court has jurisdiction on appeal, and no obstacle appears to the pursuit

of that remedy. Under such conditions an attack upon the judgment by way of habeas corpus is not available. It has often been stated:

"It is a general and well established rule that when a court has jurisdiction to enter a particular order or render a given judgment, and in the exercise of this jurisdiction enters an order or judgment, regular on its face, its validity is conclusively presumed unless set aside or annulled in a direct proceeding." (Ex parte McKay, 82 Tex. Cr. R. 225.)

See Ex parte McKay, 82 Tex. Cr. R. 221, and precedents cited on page 225.

The appellant's conviction is for theft. John Murry was the owner of the property. He gave testimony for the State. The court instructed the jury that he was an accomplice and that his testimony without corroboration would not support the conviction. The appellant contends that the instruction that Murry was an accomplice implies, as a matter of law, that he consented to the taking of the property and therefore excludes the idea of theft. That the instruction given characterizes the judgment as void is deemed unsound. After the theft Murry may, by his conduct, for instance, of compounding the crime, have become an accomplice witness. If the position taken by the appellant were more plausible, however, no relief would be given him by way of habeas corpus. If the judgment is vulnerable, an appeal is his remedy.

A motion is made by the State to dismiss this proceeding upon the ground that the accused has appealed his case, entered into a recognizance and is at large. A ruling upon the State's motion is pretermitted.

The proper disposition of the appeal having been made upon the original hearing the appellant's motion is overruled.

*Overruled.*