EX PARTE R. D. MCCUISTIAN AND BOB SCOGGINS.

No. 18014.  Delivered December 4, 1935.

The opinion states the case.

*Early & Johnson,* of Brownwood, for appellants.

*A. O. Newman,* Dist. Atty., of Coleman, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Relators were charged by complaint filed in the justice court of precinct No. 1 of Brown County with the offense of unlawfully possessing for the purpose of sale malt liquor containing in excess of one per cent alcohol by volume and not exceeding three and two-tenths per cent of

alcohol by weight; that said Brown County did on the 15th day of September, 1906, hold a legal election to determine whether or not the sale of intoxicating liquor should be prohibited in said county, and the qualified electors then and there voted that the sale of intoxicating liquors should be prohibited therein; and that, as a result of said election, the local option law was fully in force and effect on the day and date of the alleged offense.

Upon a hearing before the justice of the peace sitting as a magistrate, relators were bound over to await the action of the grand jury. Thereafter they applied to Honorable E. J. Miller, judge of the District Court in and for Brown County, for a writ of habeas corpus by which they sought their release. Upon the hearing the judge made a similar order as that of the magistrate, to which relators duly excepted and gave notice of appeal to this court.

Relators had not been tried. They had not even been indicted, charged with the offense; yet they were seeking by means of a writ of habeas corpus to have this court determine in advance of a trial in a court of competent jurisdiction whether the facts developed on the trial of the writ of habeas corpus show them guilty of an offense. This court has heretofore consistently declined to do so. See Ex parte Meers et al., not yet reported. (Bottom of this page).

At the time the judge remanded relators he acted properly. However, since the said order was made the law under which relators were being prosecuted has been repealed. Therefore relators are entitled to be discharged and it is so ordered.

*Relator discharged.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.