## EX PARTE BEN OVERSTREET.

No. 18193.   Delivered December 18, 1935.
Rehearing Denied January 29, 1936.

The opinion states the case.

*James A. Stephens,* of Benjamin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Relator was charged by complaint, filed in the Justice Court of Precinct No. 1 of Dickens County, with the offense of unlawfully keeping and exhibiting a gaming table, to-wit, a marble table.   Upon a hearing before the magistrate the accused was bound over in the sum of $500.00 to await the action of the grand jury, in the default of which he was committed to jail.   He immediately applied to the judge of the District Court of Motley County for a writ of habeas corpus which was granted.   At the conclusion of the hearing thereof, the judge made an order similar to that of the magistrate, to which relator excepted and gave notice of appeal to this court.

The instant case is similar to and involves the same legal questions as those presented in the case of Ex parte Meers et al., No. 17,901, recently decided by this court (page 465 of this volume).   Hence, we do not deem it necessary to again enter upon a discussion thereof because reference to said case is deemed sufficient.

No question is raised as to the amount of the bond fixed by

the court. Therefore, the order granting to relator bail in the sum of Five Hundred Dollars, in default of which he is committed to jail, is affirmed.

*Affirmed.*

ON RELATOR'S MOTION FOR A REHEARING.

HAWKINS, JUDGE.—In his motion for a rehearing relator insists that we were in error in holding that he might not avail himself of the writ of habeas corpus to secure his release.

In the original opinion it was pointed out that relator was charged by complaint in the justice court of Dickens County with the offense of unlawfully keeping and exhibiting a gaming table, and that upon a hearing before the magistrate he was bound over to await the action of the grand jury. Failing to give bond in the sum of five hundred dollars, he was committed to jail. Upon a hearing under a writ of habeas corpus issued by the district court of Motley County, he was remanded to custody.

Manifestly, relator is in the attitude of requesting this court to determine in advance of the return of an indictment and trial thereon that he is guilty of no offense. Article 619, P. C., in unambiguous language, penalizes one who keeps or exhibits for the purpose of gaming "any policy game, any gaming table, bank, wheel or device of any name or description whatever, or any table, bank, wheel or device for the purpose of gaming which has no name, or any slot machine, any pigeon hole table, any jenny-lind table, or table of any kind whatsoever, regardless of the name or whether named or not." Whether the marble table relator is alleged to have exhibited was a gaming table under the terms of article 619, supra, is a fact question to be determined upon a trial in the district court. We have consistently declined to permit the writ of habeas corpus to usurp the function of an appeal, and have uniformly held that the merits of a case involving the guilt or innocence of an accused is not a proper subject of inquiry in a habeas corpus proceeding. Ex parte Fisher, 28 S. W. (2d) 561; Ex parte Rogers, 201 S. W., 1157; Ex parte Wells, 14 S. W. (2d) 1027; Ex parte Jarvis, 3 S. W. (2d) 84; Ex parte Drenner, 67 S. W. (2d) 870; Ex parte Meers et al., 88 S. W. (2d) 100. (Page 465 of this volume.)

We quote from Ex parte Drenner, supra, as follows: "Every question that is here presented could and should be first presented to a trial court upon the support of competent

testimony, and from the decision of such trial court, if unsatisfactory, an appeal could be had to this court, which could then pass upon the law and the testimony heard by the trial court. The merits of a case involving the guilt or innocence of an accused is not a proper subject of inquiry in a writ of habeas corpus."

From Branch's Annotated Texas Penal Code, sec. 239, the following is taken: "The writ of habeas corpus will not lie where the remedy at law is adequate, nor will it lie after an indictment to prevent a trial on the merits although the agreed statement of facts shows that the accused is not guilty."

In support of the text several authorities are cited, among them being Ex parte Windsor, 78 S. W., 510; Ex parte Adams, 90 S. W., 24; Ex parte Kent, 49 Texas Crim. Rep., 12, 90 S. W., 168; Ex parte Jennings, 172 S. W., 1143. In Ex parte Meers, supra, the identical question involved herein was before the court and determined adversely to relator's contention.

We are constrained to adhere to the well-considered and supported rules announced in the decisions to which we have referred.

The motion for rehearing is overruled.

*Overruled.*