EX PARTE EUGENE BANSPACH.

No. 18184. Delivered January 22, 1936.
Rehearing Denied March 4, 1936.

4

The opinion states the case.

*Joe Burkett, Jr.,* of Kerrville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—This is a habeas corpus proceeding. Relator has appealed to this court from an order of the District Court of Bexar County refusing to direct that he be released from the state penitentiary.

On the 3rd of January, 1933, relator was convicted in the District Court of Bexar County of the offense of murder and his punishment was assessed at confinement in the penitentiary for fifty years. Sentence was duly pronounced, and no appeal having been taken, he was incarcerated in the state penitentiary at Huntsville, Texas, where he is now serving his sentence.

If we understand relator's position, he is seeking to have this court reverse the judgment of conviction and order his release from the penitentiary to await the further action of the trial court. He insists that the evidence adduced upon his trial was not sufficient to sustain the conviction, and that the trial court committed fundamental error in failing to submit in the charge certain affirmative defenses. He contends that he has been deprived of his liberty without due process of law in violation of the Constitution of the United States. In support of his contention that he may avail himself of the writ of habeas corpus to secure his release, he cites Mooney v. Holohan, 79 L. Ed., 793.

It is well settled by the decisions of the Court of Criminal Appeals that the merits of a case involving the guilt or innocence of an accused is not a proper subject of inquiry in a habeas corpus proceeding. Ex parte Rogers, 201 S. W., 1157; Ex parte Fisher, 28 S. W. (2d) 561. This court has consistently declined to permit the writ of habeas corpus to usurp the function of an appeal. Ex parte Fisher, supra; Ex parte Wells, 14 S. W. (2d) 1027.

We have examined the evidence adduced upon the trial of relator, and if it were proper to consider its sufficiency in this proceeding, we would be constrained to hold that the judgment of conviction was warranted. There were no exceptions to the charge of the court. Under the circumstances, if relator had prosecuted an appeal to this court, the failure to submit the alleged affirmative defensive matters would have presented no question which we would have been authorized to review.

We are not led to believe that the holding in Mooney v.

Holohan, supra, should impel us to overrule the decisions to which we have referred. At all events, we are of the opinion that the record herein fails to show a denial of due process.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In his motion for rehearing appellant advances no new thought, but only reiterates the propositions advanced upon original submission.

Believing the appeal to have been properly disposed of by our original opinion herein, appellant's motion for rehearing will be overruled.

*Overruled.*