## EX PARTE E. SOLOMON PRICE.

No. 24074. Delivered April 14, 1948.

*Scarborough, Yates, Scarborough & Black,* of Abilene, for Abilene, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Relator was indicted by the grand jury in Runnels County, Texas, charged with violating what is commonly known as the Texas Blue Sky Law, or Securities Law.

The indictment alleged specifically that relator engaged in the business of a dealer, by offering for sale, and selling a security, to wit, an assignment of oil and gas lease, without having first filed with the Secretary of State of the State of Texas his sworn application for registration as a dealer in such securities. Upon application of relator the venue was changed from Runnels County to Coleman County.

Relator then sought to be discharged under said indictment through habeas corpus proceedings before the District Judge of Coleman County. After a hearing the said judge remanded relator to the custody of the sheriff of said county, and it is from this order that relator appeals.

It has been held by this Court either directly or inferentially that the Blue Sky Law, or the Securities Act Law is constitu-

tional. See Atwood v. State, 135 Tex. Cr. R. 543, 121 S. W. (2d) 353; Aiken v. State, 137 Tex. Cr. R. 211, 128 S. W. (2d) 1190; Muse v. State, 137 Tex. Cr. R. 622, 132 S. W. (2d) 596. The holding of our Supreme Court is to the same effect. Kadane v. Clark, 135 Tex. 496, 143 S. W. (2d) 197.

As we understand the record it was, and is, relator's contention that the facts do not bring him within the terms of the statute, he contending that he was not a "dealer" in contemplation of the statute in question, but that he was selling his own securities or oil leases, and that such act is not in violation of the statute requiring registration as a "dealer" with the Secretary of State.

There is found in the statement of facts the following agreement between the district attorney and the attorney for relator.

"It is stipulated that for some ten or twelve years E. Solomon Price has been engaged in various phases of the oil business in Runnels County, Texas, consisting of drilling wells in search of oil and in buying and selling oil leases. It is further stipulated that the said E. Solomon Price during said period of time and especially during the year 1947 did not sell or assign any oil and gas leases except those standing in his name; that the said E. Solomon Price during said time did not engage in the business of selling or assigning oil and gas leases for any one else, but that all of said assignments were of oil and gas leases standing in his name at the time of such assignments and owned by him.

"It is further stipulated that the sole business of the said E. S. Price during the years 1946 and 1947 consisted of the buying and selling of leases for himself and in his own name and of the drilling of wells. That the Thelma M. Threadgill oil and gas lease assignment attached hereto is one of such assignments.

"It is further stipulated and agreed that such sales and assignments of oil and gas leases of the character and type as above set out amounted to in cash sales for the years 1946 and 1947 a sum of money in excess of $200,000.00, and that said E. Solomon Price had neither made application for nor received a dealer's license for the year 1947."

It is apparent that relator is seeking to have the district judge in this habeas corpus proceeding determine whether he is guilty under the facts, instead of submitting that question to a jury or the court in a regular trial in the ordinary course of

judicial procedure. Whether the method of relator's business constituted him a "dealer" under the statute, or supports his claim that he was only selling his own property, necessarily turns upon the evidence produced upon a regular trial, and such trial cannot be avoided by attempting to substitute for such trial a habeas corpus proceeding, although in such a hearing there might be agreements or evidence supporting relator's claim. Without prolonging this opinion by reviewing cases at length those hereafter noted, with others cited in such cases, make clear our previous holding, and sustain the action of the trial judge in remanding relator. Ex Parte Jarvis, 109 Tex. Crim. Rep. 52, 3 S. W. (2d) 84; Ex Parte Evans, 109 Tex. Crim. Rep. 231, 4 S. W. (2d) 67; Mollohan v. State, 110 Tex. Cr. R. 452, 10 S. W. (2d) 86; Ex Parte Drenner, 125 Tex. Cr. R. 331, 67 S. W. (2d) 870; Ex Parte Meers, 129 Tex. Cr. R. 465, 88 S. W. (2d) 100; Ex Parte McCuistian, 129 Tex. Cr. R. 464, 88 S. W. (2d) 479; Ex Parte McDonald, 129 Tex. Cr. R. 502, 89 S. W. (2d) 783; Ex Parte Overstreet, 129 Tex. Cr. R. 574, 89 S. W. (2d) 1002.

The judgment is affirmed.