### EX PARTE CORY LELAND HAMMONDS.

No. 24908. May 31, 1950.
Rehearing Denied June 21, 1950.

*Oxford & Ramsour,* by *Royce A. Oxford,* Edinburg, for relator.

*J. R. Alamia,* Criminal District Attorney, Edinburg, and *George P. Blackburn,* State's Attorney, Austin, for the state.

GRAVES, Judge.

Relator is charged with the crime of rape, and was thus charged in September, 1949, by complaint, and before an examination court he was called to answer to the grand jury in bond in the sum of $2,000.00. The grand jury met and adjourned for the term and failed to find an indictment against him, thus rendering nugatory this charge against relator. Thereafter, on May 2, 1950, a similar complaint was filed against relator for the same offense, and again, he was required to give a $2,000.00 bond to answer to the next grand jury, whereupon relator filed this writ of habeas corpus seeking his release from such charge. Upon a refusal to grant such release by the district judge, he was held in bond pending appeal in the sum of $1,500.00. He alleges that he is unable to give such bond. We quote from a stipulation in the statement of facts as follows:

"It is further stipulated that on the 10th day of May, 1950, Cory Leland Hammonds was remanded to jail in Hidalgo County, Texas, for the first time for failure to post the required amount of bond, which said bond was Two Thousand Dollars ($2,000.00) required by the said Clayton R. Baird, Justice of Peace, Precinct Six (6), Place One (1); it is further agreed that the 10th day of March, 1950, was the first day that Cory Leland Hammonds was incarcerated in the Hidalgo County jail."

No proof is present relative to relator's ability to make bond, but a mere allegation alone is made.

Relator's bond herein is reduced to the sum of $500,00, and as thus reduced, the judgment is affirmed.

ON MOTION FOR REHEARING.

WOODLEY, Judge.

Relator is joined by the state, acting through its district attorney, in a motion for rehearing.

It is urged that this was not a proceeding for the purpose of reducing bail, but that the state and relator were seeking to have this court determine from the stipulated facts, whether or not such facts are sufficient to show a violation of the law by relator, as charged in the complaint.

In other words, it is represented that there is some question in the minds of the district judge and the district attorney's staff as to whether or not the agreed facts constitute the offense charged in the complaint. They therefore desire that this court decide such question in advance of indictment or conviction by declaring the law in accordance with relator's contention and ordering his release, or by overruling relator's contention and thereby giving the "green light" to the prosecution.

In Texas, procedure such as demurrer to the evidence, declaratory judgment or pre-trial judgment, in criminal cases, is not recognized. See Johnson v. State, 111 Tex. Cr. R. 395, 13 S.W. 2d 114; 23 C.J.S. 476, Sec. 1060.

The writ of habeas corpus may not be used for a similar purpose. On the other hand in passing upon the question of bail, it has been and is the policy of this court to avoid any unnecessary discussion of the case in order that the trial shall not be influenced by such opinion.

Upon the agreed statement that relator is unable to make bond in any amount, and because of the time he has been in custody and the fact that the previous grand jury returned no indictment, the judgment is reformed, and relator is ordered released upon his personal bond or recognizance in the sum of $500 without sureties, to await the action of the grand jury on the present complaint.

As so reformed, the motion for rehearing is overruled.

Opinion approved by the court.