The STATE of Texas, Appellant.

v.

Larry Clifford CLEATON, Appellee.

No. 14–98–01405–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 10, 1999.

Robert A. Moen, Houston, for appellants.

Dan McCrory, Houston, for appellees.

Panel consists of Chief Justice MURPHY and Justices ANDERSON and HUDSON.

## O P I N I O N

PER CURIAM.

The State of Texas ("State") appeals from the trial court's habeas corpus judgment. Larry Clifford Cleaton ("Cleaton") was indicted for the offense of possession of Testosterone, a controlled substance. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.117(a) (Vernon Supp.1999). He filed a pre-trial application for writ of habeas corpus requesting to be discharged from prosecution because he was in lawful possession of the controlled substance. Following an evidentiary hearing, the trial court granted the requested relief and dis-charged Cleaton. On appeal to this Court, the State contends that the trial court erred in (1) granting Cleaton's application for writ of habeas corpus because he was not in lawful possession of the controlled substance, and (2) considering the sufficiency of the evidence in the pre-trial proceeding. We reverse and remand.

### BACKGROUND

In his application for writ of habeas corpus, Cleaton contended that because he was is in lawful possession of the Testosterone, he should not have been indicted because a conviction can never rest upon conduct which is not a criminal offense.[1]

At the evidentiary hearing, the testimony showed that while en route to New York City from Mexico City, Cleaton's plane landed at Bush Intercontinental Airport in Houston. Cleaton testified that after exiting the plane and being given clearance by the Immigration Department, he was not given an opportunity by the United States Customs Service to properly declare the Testosterone prior to being searched and arrested.

Cleaton endeavored to show at the hearing that he was in lawful possession of the Testosterone because he lawfully purchased the controlled substance from a pharmacy in Mexico. He contended that his possession was lawful because under certain circumstances, federal law permits individuals to purchase controlled substances in foreign countries and import them into the United States.[2] To satisfy federal law requirements for the importation of controlled substances, Cleaton produced evidence to show that the Testosterone was in its original containers in which it was dispensed when seized by United States Customs inspectors, that he purchased it from a licensed pharmacy in Mexico, and that it was for his personal medical use.[3] He alleged that had he been

---

1. *See note 4, infra.*

2. *See Wright v. State,* 981 S.W.2d 197, 200–01 (Tex.Crim.App.1998).

3. *See Wright,* 981 S.W.2d at 200–01.

given the opportunity prior to being searched, he would have made the proper declaration to show that he was in lawful possession of the Testosterone.

At the conclusion of the evidentiary hearing, the trial court found that the Testosterone seized from Cleaton was in its original containers, that it was accompanied by a receipt, and that it was properly dispensed by a pharmacy. The trial court also found that the United States Customs Service failed to present Cleaton with a declarations form so that he could properly declare the Testosterone prior to being searched. The trial court stated that the "written declaration would control over an oral declaration." This finding was apparently made in response to the State's evidence showing that, prior to searching him, Customs inspectors orally questioned Cleaton whether he possessed any steroids, to which he responded "no."

### DISCUSSION

In the State's second point of error, it contends that the trial court erred in considering the sufficiency of the evidence in a pre-trial proceeding. We find that the State's second point is dispositive and will therefore not address its first point of error.

Article 11.01 of the Texas Code of Criminal Procedure provides that the "writ of habeas corpus is the remedy to be used when any person is restrained in his liberty." TEX.CODE CRIM. PROC. ANN. art. 11.01 (Vernon 1977). The purpose of a writ of habeas corpus is to obtain a speedy adjudication of a person's right to liberation from illegal restrain. *Ex parte Ramzy*, 424 S.W.2d 220, 223 (Tex.1968). However, in Texas, procedures such as demurrer to the evidence, declaratory judgment or pre-trial judgment, in criminal cases, is not recognized. *Ex parte*

*Hammonds*, 155 Tex.Crim. 82, 230 S.W.2d 820, 821 (1950). A writ of habeas corpus may not be used for a similar purpose. *Id.* In other words, a writ of habeas corpus may not be used to usurp the function of an appeal or trial, and it has been uniformly held that the merits of a case involving the guilt or innocence of an accused is not a proper subject of an inquiry in a habeas corpus proceeding. *Ex parte Overstreet*, 129 Tex.Crim. 574, 89 S.W.2d 1002, 1003 (1935) (citations omitted). Furthermore, the court in *Overstreet* held the following:

> Every question that is here presented could and should be first presented to a trial court upon the support of competent testimony, and from the decision of such trial court, if unsatisfactory, an appeal could be had to this court, which could then pass upon the law and the testimony heard by the trial court. The merits of a case involving the guilt or innocence of an accused is not a proper subject of inquiry in a writ of habeas corpus.

*Ex parte Overstreet*, 89 S.W.2d at .1003 (quoting *Ex parte Drenner*, 125 Tex.Crim. 331, 67 S.W.2d 870, 872 (1934)). The writ of habeas corpus will not lie where the remedy at law is adequate, nor will it lie after an indictment to prevent a trial on the merits to show that the accused is not guilty. *Id.*

In the present case, during Cleaton's evidentiary hearing, no attack was made upon the validity or constitutionality of the law upon which the prosecution was based.[4] *See Ex parte Drenner*, 67 S.W.2d at 871. Rather, during the evidentiary hearing, Cleaton attempted to show that he was innocent of the offense. This is not a permissible challenge at a writ of habeas corpus hearing. *See Ex parte Overstreet*, 89 S.W.2d at 1003; *Ex parte Drenner*, 67

---

4. In Cleaton's application for writ of habeas corpus, he alternatively contended that the statute under which his prosecution was based is void for vagueness. However, this contention was not addressed at his evidentia-ry hearing nor in either party's brief on appeal. Thus, we will not address it. In any event, Cleaton's contention has been rejected. *See Wright*, 981 S.W.2d at 199.

S.W.2d at 871. Whether Cleaton (1) purchased the Testosterone from a licensed pharmacy in Mexico, (2) maintained the Testosterone in its original containers, (3) intended to use the Testosterone for his personal medical use, and (4) was not given the opportunity by Customs inspectors to make the proper declarations prior to being searched, are all fact questions to be determined upon a trial in the district court. *See id.; see also Ex parte Price,* 151 Tex.Crim. 633, 210 S.W.2d 152, 153 (1948) (not permissible to have district court in habeas corpus proceeding determine whether the accused is guilty under the facts, instead of submitting that question to a jury or the court in a regular trial in the ordinary course of judicial procedure).

The proper forum to present these matters of fact is in the trial court and not to a writ of habeas corpus court nor this Court under the guise of an application for writ of habeas corpus. *See Ex parte Drenner,* 67 S.W.2d at 872. We are constrained to adhere to the well-considered and supported rules announced in the decisions to which we have referred. Accordingly, we sustain the State's second point of error.

The habeas corpus judgment is reversed and this matter is remanded to the trial court.