In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-07-324 CR


____________________



EX PARTE WAYNE BURTON






On Appeal from the 411th District Court


San Jacinto County, Texas


Trial Cause No. 8638






MEMORANDUM OPINION


 In this Article 11.072 appeal, we hold the issues raised are not cognizable and affirm
the trial court's order denying the application for writ of habeas corpus. See Tex. Code
Crim. Proc. Ann. art. 11.072 (Vernon 2005). 

 A jury found Wayne Burton guilty of an aggravated assault committed on his
estranged wife. The jury acquitted Burton of aggravated sexual assault in the same
proceeding. The jury assessed a ten-year sentence and a $10,000 fine, and recommended that
the sentence of confinement be probated. Deciding the appeal under a docket equalization
order, the Waco Court of Appeals found the evidence to be legally and factually sufficient
to support the jury's verdict and affirmed the judgment. See Burton v. State, No. 10-04-235
CR, 2005 WL 2234002, *1-2 (Tex. App.--Waco Sept. 14, 2005, pet. dism'd). The trial court
subsequently denied Burton's application for writ of habeas corpus, and Burton perfected this
appeal. See Tex. Code Crim. Proc. Ann. art. 11.072. Burton's two issues challenge the
legal and factual sufficiency of the evidence to support the conviction for aggravated assault. (1) 
 Burton contends the trial court erred in denying his habeas corpus application because
the evidence was legally and factually insufficient to prove his guilt. The appellate court
considered and rejected these complaints on direct appeal. Burton, 2005 WL 2234002 at *1-2. "It is well settled by the decisions of the Court of Criminal Appeals that the merits of a
case involving the guilt or innocence of an accused are not a proper subject of inquiry in a
habeas corpus proceeding." Ex parte Banspach, 130 Tex. Crim. 3, 91 S.W.2d 365, 365 (Tex.
Crim. App. 1936). "[A] challenge to the sufficiency of the evidence used to sustain a felony
conviction is not cognizable on an application for a post-conviction writ of habeas." Ex parte
Grigsby, 137 S.W.3d 673, 674 (Tex. Crim. App. 2004) (footnote omitted). Although it
involved an Article 11.07 writ, the principles expressed in Grigsby apply here because
Article 11.072 expressly provides that "[a]n application may not be filed under this article
if the applicant could obtain the requested relief by means of an appeal . . . ." Tex. Code
Crim. Proc. Ann. art. 11.072, § 3(a). 

 Burton offered no newly discovered or newly available evidence, and there is no error
rendering Burton's conviction constitutionally invalid. See Ex parte Brown, 205 S.W.3d
538, 545 (Tex. Crim. App. 2006). He merely seeks to obtain another review of the evidence
from his trial and another assessment of the complainant's credibility. We overrule Burton's
issues and affirm the trial court's order denying habeas corpus relief. 

 AFFIRMED.


 __________________________________

 CHARLES KREGER

 Justice


Submitted on October 2, 2007

Opinion Delivered October 10, 2007

Do not publish


Before Gaultney, Kreger, and Horton, JJ.
1. The trial court ruled on the merits of the habeas corpus application. We have
jurisdiction over the appeal. See Ex parte Hargett, 819 S.W.2d 866, 868 (Tex. Crim.
App. 1991).