

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

NO. PD-0893-14
NO. PD-0894-14

**JOEY DARRELL FAUST, Appellant**

**v.**

**THE STATE OF TEXAS**

**RAMON MARROQUIN, Appellant**

**v.**

**THE STATE OF TEXAS**

ON STATE'S PETITIONS FOR DISCRETIONARY REVIEW
FROM THE SECOND COURT OF APPEALS
TARRANT COUNTY

**NEWELL, J., filed a dissenting opinion.**

I dissent because I have concerns regarding the way this case was presented to both

the trial court and the court of appeals. On appeal, the appellants argue that § 38.15 of the

Penal Code (Interference with Public Duties) was unconstitutionally applied to them. But

in the trial court, the appellants, even after arguing an as-applied challenge, requested only

that the trial court find them not guilty. I dissent because I would remand the case to the court of appeals so that court could first analyze the appellants' sufficiency challenge and then address whether the appellants' requested order preserved their as-applied challenge to the constitutionality of the statute.

Preservation of error is a systemic requirement on appeal. *Haley v. State*, 173 S.W.3d 510, 515 (Tex. Crim. App. 2005). If an issue has not been preserved for appeal, neither the court of appeals nor this Court should address the merits of that issue. *Id.* ("Because we have held that preservation of error is a systemic requirement that must be reviewed by the courts of appeals regardless of whether the issue is raised by the parties, our inquiry into whether [the appellant] properly preserved this alleged error is appropriate."). Ordinarily, a court of appeals should review preservation of error on its own motion, but if it does not do so expressly, this Court can and should do so when confronted with a preservation question. *Jones v. State*, 942 S.W.2d 1, 2 n. 1 (Tex. Crim. App. 1997). A challenge to the constitutionality of a statute must be raised in the trial court in order to be preserved for appellate review. *Curry v. State*, 910 S.W.2d 490, 496 (Tex. Crim. App. 1995); *see also Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009) (holding that a facial challenge to the constitutionality of statute cannot be raised for the first time on appeal). To properly preserve a claim for relief, all a party has to do is to let the trial judge know what he wants, why he thinks himself entitled to it, and to do so clearly enough for the judge to understand him at a time when the judge is in a proper position to do something about it.

*Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992). And the party must obtain an adverse ruling on the claim. TEX. R. APP. P. 33.1.

The State prosecuted each of the appellants under identical charging instruments. The State had to prove that the appellants had, with criminal negligence, interrupted, disrupted, impeded, or interfered with "P. Genualdo, a peace officer, who was performing a lawful duty, to wit: controlling the crowd and maintaining the peace at a gay pride parade, by attempting to cross a street after being ordered not to cross said street, and said defendant knew that P. Genualdo, was a peace officer." The plain language of Section 38.15 requires the State to prove that the officer exercised a lawful duty or authority, but the phrase "imposed or granted by law" modifies the officer's duty or authority rather than the methods he uses to exercise that duty or authority. TEX. PENAL CODE ANN. § 38.15 (a)(1) (West 2013). Moreover, it is a defense to prosecution under subsection (a)(1) that the interruption, disruption, impediment, or interference alleged "consisted of speech only." TEX. PENAL CODE ANN. § 38.15 (d) (West 2013). This is why one court of appeals has determined that the statute penalizes conduct rather than speech. *Duncantell v. State*, 230 S.W.3d 835, 843-44 (Tex. App.–Houston [14th Dist.] 2007, pet. ref'd.) (addressing overbreadth and vagueness challenges to section 38.15 after first determining that the statute only limits conduct rather than speech).

On the day of trial, the appellants filed identical "Motion(s) for Judgment" with identical accompanying memorandums of law. The central argument in these motions was

that the appellants' arrests and prosecutions, based upon an application of Section 38.15 of the Texas Penal Code, violated the First and Fourteenth Amendments. But they also specifically requested that the trial court sign a judgment finding each of the appellants not guilty. The proposed order recited that the appellants had moved for a judgment based upon an unconstitutional application of the statute, but the judgment itself would have resulted only in a finding of "not guilty."

After the close of evidence, the appellants' counsel acknowledged that he had to bring their motions after the close of evidence because criminal courts do not have the same pre-trial motions practice as civil courts.[1] Again, the major thrust of the appellants' argument was that the statute was unconstitutional as applied to them because their speech was protected by the First Amendment. But they also argued that the police were not authorized to take action to prevent a breach of the peace, a refutation of an element of the offense. And all of the appellants' arguments rested upon the premise that their conduct amounted to "speech only," which would have been a defense to prosecution under a proper application of the statute. The State responded that the cases the appellants' counsel cited referred to legitimate First Amendment conduct, but the State also argued that the officers were performing their lawful duties.

These arguments suggest two possible theories of relief. On the one hand, the

---

[1]*See Ex parte Hammonds*, 230 S.W.2d 820, 821 (Tex. Crim. App. 1950) ("In Texas, procedure such as demurrer to the evidence, declaratory judgment or pre-trial judgment, in criminal cases, is not recognized.")

appellants seemed to argue that the police had the lawful duty and authority to prevent a breach of the peace, but their discretionary exercise of that authority violated the First Amendment. The bulk of the appellants' arguments to the trial court centered on this theory. On the other hand, the appellants were also arguing that their conduct amounted to speech and that the police lacked the authority to arrest them in order to prevent a breach of the peace.[2] The former argument would be a constitutional challenge to the application of the statute in this case because it recognizes that the evidence supports all the elements of the offense but maintains that the statute operates unconstitutionally in this case. The latter would either be a challenge to the State's ability to establish an element of the offense, namely whether the officers had a duty or authority imposed or granted by law, or it would be a defense to prosecution under the statute because the conduct at issue amounted to

___

[2]The majority points to article 2.13 of the Code of Criminal Procedure to suggest that the appellants' challenges to whether the officers employed "lawful means" in carrying out their duty to preserve the peace is an as-applied challenge to the statute. (Majority op. at p. 17); *see also* TEX. CODE CRIM. PROC. ANN. art 2.13 (West 2013). This exemplifies why the preservation issue in this case has fostered such confusion that has prevented a proper analysis of the claims at issue. The argument that the authority or duty of the officers in this case were limited to "lawful means" by article 2.13 is actually a sufficiency challenge. As we have explained, some legal sufficiency challenges turn on the meaning of the statute under which the defendant is being prosecuted, and we resort to statutory construction to determine the scope of the offense itself. *Liverman v. State*,____S.W.3d ___, 2015 WL 5579418 at *2 (Tex. Crim. App. Sept. 23, 2015). The claim that the officer's duty or authority may or may not be limited to "lawful means" is that type of legal sufficiency challenge. Article 2.13 does not create an offense; it establishes one possible duty of (or source of authority for) any peace officer. The State alleged this duty (as opposed to another possible statutory duty or authority) as the duty or authority the appellants interfered with in violation of § 38.15. The duty or authority to preserve the peace was an element of the offense, and arguing that the officers lacked authority because they did not use "lawful means" is a legal sufficiency challenge that turns on the meaning of the statute under which the defendant is being prosecuted. *Id.*

"speech only." TEX. PENAL CODE ANN. § 38.15 (West 2013).

Perhaps tellingly, the court responded to the appellants' motion and arguments by seeking clarification.

> THE COURT: I don't know what you want me to do with this motion. What – what remedy are you seeking based upon this motion.

> MR. SHARPE: The motion that I'm seeking is for you to sign a judgment finding that the arrest and prosecution under this law, as applied to these facts, they are not guilty.

The trial court took a brief recess to review the motions, but came back out and characterized the arguments on the motion as "final argument." He allowed additional final argument, and then afterwards denied the motions and found each of the appellants guilty.

Preservation of error does not require magic words so long as the substance of the complaint is conveyed to the trial court in the context of the proceedings. *See e.g. Bennett v. State*, 235 S.W.3d 241, 243 (Tex. Crim. App. 2007) (holding that request for self-defense instruction did not necessarily include a request for an instruction on defense of a third-person). But it does require that the objecting party clearly explain his theory of relief. *Resendez v. State*, 306 S.W.3d 308, 312 (Tex. Crim. App. 2009) ("The purpose of requiring a specific objection in the trial court is twofold: (1) to inform the trial judge of the basis of the objection and give him the opportunity to rule on it; (2) to give opposing counsel the opportunity to respond to the complaint."). And requesting a "finding of not guilty" is more than "magic words;" it carries significant constitutional implications.

As this Court has made clear, the entry of an acquittal bars appellate review of the trial

court's ruling.

> One of the most fundamental rules of double-jeopardy jurisprudence is that when a trial ends in an acquittal, the defendant may not be tried again for the same offense. Whether the acquittal is based on a jury verdict of not guilty or on a ruling by the trial court that the evidence is insufficient to convict, any further prosecution, including an appeal by the prosecution that would lead to a second trial, is prohibited. Even where an acquittal is based on an egregiously erroneous foundation, such as erroneous exclusion of evidence or erroneous weighing of evidence, the acquittal bars appellate review of the ultimate disposition as well as the underlying foundation.

*State v. Blackshere*, 344 S.W.3d 400, 406 (Tex. Crim. App. 2011) (citations omitted). That is why constitutional challenges to statutes or ordinances do not result in an acquittal; they result in a dismissal of the prosecution. *See e.g. State v. Stanley*, 201 S.W.3d 754, 759 (Tex. Crim. App. 2006) (holding that the Double Jeopardy Clause did not prevent the State's appeal from a dismissal of the charging instrument based upon the argument that the ordinance was unconstitutionally applied to the defendant); *see also Ex parte Chance*, 439 S.W.3d 918 (Tex. Crim. App. 2014) (remanding case so that the indictment could be disposed of after granting relief where the defendant had been convicted under an unconstitutional statute); *Ex parte Lo*, 424 S.W.3d 10, 27 (Tex. Crim. App. 2013) (finding Section 33.021(b) unconstitutional and remanding the case to the trial court for the dismissal of the indictment); *Cain v. State*, 855 S.W.2d 714, 715 n. 2 (1993) (noting that the proper disposition for a claim that a statute has been unconstitutionally applied is dismissal of the indictment rather than acquittal); *Johnson v. State*, 755 S.W.2d 92, 98 (Tex. Crim. App. 1988), *aff'd*, 491 U.S. 297 (1989) (remanding flag-burning case for dismissal of charging

instrument after determining that the statute was unconstitutional as applied to the defendant).

Appellate courts look to the substance of the order to determine if it represents "a resolution, correct or not, of some or all of the factual elements of the offense charged." *State v. Moreno*, 294 S.W.3d 594, 598 (Tex. Crim. App. 2009) (citing *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 571 (1977)). A court of appeals would have been hard-pressed to address a trial court's order granting the appellants' motions in this case. *Id.* at 601-02 (recognizing that the State is not authorized to appeal a verdict of acquittal after jeopardy has attached). By requesting an order of an acquittal, the appellants never obtained an adverse ruling on the applied challenge to the statute itself. Instead, they obtained denials on their motions for instructed verdicts, which the court of appeals should have regarded on appeal as a challenge to the sufficiency of the evidence. *See e.g. Williams v. State*, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996) ("We treat a point of error complaining about a trial court's failure to grant a motion for directed verdict as a challenge to the legal sufficiency of the evidence."). I would remand so the court of appeals could do so.

The appellants raise significant concerns about the interplay between a police officer's exercise of his lawful authority under Section 38.15 and a citizen's First Amendment rights. To make sure that all of their legal issues were properly before the trial court, they could have first argued that the State failed to carry its burden to show the police were acting under a duty or authority imposed or granted by law or that they were entitled to an acquittal because

their conduct amounted to "speech only," and then arguing, in the alternative, that the prosecution should have been dismissed because the officer's exercise of their lawful authority violated the appellants' First Amendment rights. This would have provided the trial court the opportunity to decide both of the specific issues raised by the appellants: the sufficiency of the evidence and the constitutionality of the statute. TEX. R. APP. P. 33.1 (a)(2). And it would have avoided the confusion that has carried through this case from the trial court to this Court, namely whether the appellants were challenging the evidence or the statute.[3] By combining the two arguments, the appellants requested a judgment of acquittal insulated from appellate review, but doing so carried the risk that their as-applied challenges to the statute were not properly preserved in the trial court. *Freeman v. State*, 340 S.W.3d 717, 730 (Tex. Crim. App. 2011) (holding that defendant failed to preserve the constitutional claims he had raised in two pre-trial motions because he merely requested an acquittal in a motion for a directed verdict at the trial court level). Even assuming that the trial court's denial of the appellants' requests for acquittals implicitly covered both claims, the court of appeals should have still addressed first the denial of their motions for an instructed verdict because they afforded the greatest possible relief.[4] Because the appellants obtained an

---

[3]The majority notes that the appellants' arguments have been the same since "day one." Yes they have, and that is why this case has been confusing from "day one."

[4]It would also avoid the paradox inherent in the court of appeals holding that the statute was unconstitutionally applied because it violated the appellants' First Amendment rights. The court of appeals rejected the State's argument that the statute was being applied to conduct rather than speech. In order to hold that the statute was unconstitutionally applied to the appellants, the court of appeals necessarily held as a matter of law that their conduct amounted to speech. Under

adverse ruling only on their request for an acquittal, I would remand this case to the court of appeals to analyze the sufficiency of the evidence.

I respectfully dissent.

Filed: December 9, 2015

Publish

---

a proper application of the statute, this would be a defense to conviction. *Duncantell*, 230 S.W.3d at 843-44. So the court of appeals seems to have effectively held that the statute was unconstitutional as applied to the appellants without properly applying the statute in the first place. *Cf. City of Houston, Texas v. Hill*, 482 U.S. 451, 461 (1987) (holding municipal ordinance, the enforceable portions of which criminalized "verbal interruptions of police officers," violated the First Amendment).