

# IN THE
# TENTH COURT OF APPEALS

## No. 10-19-00122-CR

## EX PARTE JORDAN PRICE

**From the 54th District Court
McLennan County, Texas
Trial Court No. 2019-472-2**

## MEMORANDUM OPINION

Appellant Jordan Price was arrested in McLennan County, Texas on January 23, 2019 after a traffic stop. Price had a number of outstanding arrest warrants issued by the State of Virginia. A search of Price's car revealed a felony amount of a controlled substance. Price was indicted on the drug charge in cause number 2019-446-C2. Bail was set on the drug charge in the amount of $5,000. Price's mother posted bond on his behalf on February 10, 2019, but Price remained in custody due to the Virginia warrants.

On February 12, 2019, Price filed a petition for writ of habeas corpus, which was assigned Case Number 2019-472-2. In that petition, Price challenged the court's failure to set bail on the Virginia charges. After a hearing on March 15, 2019, the trial court granted Price's habeas petition and set bail on the Virginia charges at $200,000, with

additional conditions of release. Price never made the required bail. On April 5, 2019, Price appealed the trial court's order, which was assigned Cause Number 10-19-00122-CR in this Court.

Also on April 5, 2019, Price filed another petition for writ of habeas corpus that was assigned Case Number 2019-1203-2. The denial of the writ in that case resulted in another appeal to this Court in Cause Number 10-19-00238-CR. A Virginia Governor's warrant for extradition was issued on May 10, 2019, and a McLennan County district judge signed an order delaying service of the warrant on May 22, 2019. Price entered a plea of guilty to the drug charge in Case Number 2019-446-C2 on June 13, 2019. Price signed a voluntary waiver of extradition in Case Number 2019-1203-2 on June 18, 2019, and the trial court signed an Order Granting Waiver of Extradition the same day. Price was extradited to Virginia on July 12, 2019. *See* Price's Amended Brief, p. 14.

After reviewing the record, we dismiss Price's appeal as moot. The issuance of a valid Governor's Warrant renders moot any complaints arising from confinement under a fugitive warrant, including alleged violations of the Code of Criminal Procedure. *See Ex parte Worden*, 502 S.W.2d 803, 804 (Tex. Crim. App. 1974); *see also Ex parte Windsor*, No. 10-14-00401-CR, 2016 WL 192303, at *8 (Tex. App.—Waco Jan. 14, 2016, pet. denied) (mem. op., not designated for publication) ("The issuance of a valid Governor's warrant renders moot any complaint arising from confinement under a fugitive warrant, including detention in excess of the statutory period."). As Price makes no claim that the Governor's Warrant or his arrest were improper, his appeal is moot.

In a reply brief filed on October 21, 2019, Price argues that he is not attempting to challenge the Governor's Warrant or any issues requesting relief from extradition, but is seeking a declaration from this Court that the trial court violated his constitutional rights by holding him beyond the time allowed under the Code of Criminal Procedure. Price requests a declaration that the trial court deprived him of his liberty without due process of law. Price relies upon *Ex parte Werne*, 118 S.W.3d 833, 838 n.2 (Tex. App.—Texarkana 2003, no pet.). Despite the Texarkana court's unnecessary finding of a constitutional violation, the trial court's denial of Werne's habeas petition challenging the extradition proceeding was affirmed. *Id*. at 838. As the Texarkana court noted: "The error was ultimately rectified, although at the cost of six unnecessary weeks in jail for Werne. That error, however, has not contaminated the present proceeding, which involves a proper Governor's warrant and arrest pursuant to that warrant." *Id*. at 837. There has also been no "contamination" of the proceedings in Price's case even if there is a possibility that he was held beyond the time provided in the Code of Criminal Procedure, which we do not conclude from the record in this case. Price's claims are, therefore, moot.

We also decline to follow the *Werne* court's dicta because a declaratory judgment is not recognized in a criminal or habeas case. *See Ex parte Alba*, 256 S.W.3d 682, 686 (Tex. Crim. App. 2008) (appellate court not authorized to enter declaratory judgment); *see also State v. Cleaton*, 5 S.W.3d 908, 910 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd) (declaratory judgment not recognized in criminal or habeas cases); *Ex parte Osborne*, No. 04-98-01086-CR, 1999 WL 792435, at *1 (Tex. App.—San Antonio Oct. 6, 1999, pet. ref'd)

(mem. op., not designated for publication) (declaratory judgment not available in criminal or habeas actions).

Finally, Price's claims are additionally moot because he is no longer within the State of Texas. *See Armes v. State*, 573 S.W.2d 7, 9 (Tex. Crim. App. 1978) (habeas unavailable if applicant no longer in custody); *see also Ex parte Alt*, 958 S.W.2d 948, 952 (Tex. App.—Austin 1998, no pet.) (habeas not available to secure judicial determination of question which, "even if decided in the applicant's favor, could not result in his immediate discharge."); *Ex parte Stowell*, 940 S.W.2d 241, 243 (Tex. App.—San Antonio 1997) (habeas action moot when petitioner extradited to another state and no motion to stay extradition was filed). The record does not reflect that Price filed a motion to stay extradition.

In light of the foregoing, we dismiss Price's appeal as moot. We additionally deny the State's Motion to Strike Appellant's Brief as moot.


REX D. DAVIS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Neill
Dismissed for want of jurisdiction
Opinion delivered and filed November 13, 2019
Do not publish
[CR25]

