

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-00153-CR

The **STATE** of Texas,
Appellant

v.

Cristian Antonio **LOPEZ-MIRANDA**,
Appellee

From the County Court at Law, Webb County, Texas
Trial Court No. 2022CRB000396L2
Honorable Leticia Martinez, Judge Presiding

Opinion by:    Lori I. Valenzuela, Justice

Sitting:        Beth Watkins, Justice
                Lori I. Valenzuela, Justice
                Lori Massey Brissette, Justice

Delivered and Filed: August 28, 2024

REVERSED AND RENDERED

The State appeals the trial court's order granting Appellee, Cristian Antonio Lopez-Miranda, habeas relief. For the reasons stated below, we reverse the trial court's order, render judgment dismissing Lopez-Miranda's habeas application, and reinstate the information charging Lopez-Miranda with the misdemeanor offense of criminal trespass.

### BACKGROUND

As part of Operation Lone Star, Lopez-Miranda, a noncitizen, was arrested for and charged by information with the misdemeanor offense of criminal trespass.

On December 22, 2022, Lopez-Miranda filed an application for pretrial writ of habeas corpus. In his application, Lopez-Miranda sought dismissal of his underlying criminal case with prejudice because, he alleged, the "Complaint and Information are defective."

The trial court held a hearing on Lopez-Miranda's application on January 6, 2023.

On February 9, 2023, the trial court issued an order stating, "came on to be heard Applicant's [Application for Pretrial] Writ of Habeas Corpus and relief from the case under this cause number is hereby GRANTED."[1]

The State timely appealed.

## COGNIZABILITY

In its third issue on appeal, the State contends that the trial court abused its discretion when it granted habeas relief to Lopez-Miranda, because Lopez-Miranda's habeas claim "is simply an improper challenge to the sufficiency of the complaint." We agree.

A grant of pretrial habeas relief "is an extraordinary remedy." *Ex parte Ingram*, 533 S.W.3d 887, 891 (Tex. Crim. App. 2017) (citing *Ex parte Ellis*, 309 S.W.3d 71, 79 (Tex. Crim. App. 2010)). "Consequently, whether a claim is even cognizable on pretrial habeas is a threshold issue that should be addressed before the merits of the claim may be resolved. If a non-cognizable claim is resolved on the merits in a pretrial habeas [proceeding], then the pretrial writ has been misused." *Ellis*, 309 S.W.3d at 79 (internal citation omitted); *see Ex parte Hammons*, 631 S.W.3d 715, 716

---

[1] The trial court clerk filed Lopez-Miranda's habeas application as a document in the same cause number as the underlying criminal proceeding. But "a habeas proceeding is a separate proceeding from a criminal prosecution." *Ex parte Sheffield*, 685 S.W.3d 86, 100 (Tex. Crim. App. 2023); *see Ex parte Carter*, 849 S.W.2d 410, 411 n.2 (Tex. App.—San Antonio 1993, pet. ref'd). As a result, Lopez-Miranda's habeas application should have been "docketed separately from the substantive cause and given a different cause number." *Carter*, 849 S.W.2d at 411 n.2. Nevertheless, it is clear from the trial court's order that it granted Lopez-Miranda's request for habeas relief in the habeas proceeding—in which Lopez-Miranda had requested that the trial court dismiss the underlying criminal case with prejudice—and, in doing so, effectively dismissed the criminal charges in the underlying criminal case.

(Tex. Crim. App. 2021) ("The court of appeals should have addressed cognizability as a threshold issue before reaching the merits of Appellant's claim.") (citing *Ellis*, 309 S.W.3d at 79).

"[P]retrial habeas corpus is available 'only in very limited circumstances.'" *Ex parte Sheffield*, 685 S.W.3d 86, 93 (Tex. Crim. App. 2023) (quoting *Ex parte Smith*, 178 S.W.3d 797, 801 (Tex. Crim. App. 2005)). "And, ordinarily, pretrial habeas is not available to 'test the sufficiency of the complaint, information, or indictment.'" *Ex parte Doster*, 303 S.W.3d 720, 724 (Tex. Crim. App. 2010) (quoting *Ex parte Weise*, 55 S.W.3d 617, 620 (Tex. Crim. App. 2001)); *see Ellis*, 309 S.W.3d at 79. Pretrial habeas may be available, however, "when the applicant alleges that the statute under which he or she is prosecuted is unconstitutional on its face" or if "the pleading, on its face, shows that the offense charged is barred by limitations." *Weise*, 55 S.W.3d at 620; *see Doster*, 303 S.W.3d at 724–25.

Here, Lopez-Miranda argued, in his application for pretrial writ of habeas corpus, that the complaint and information charging him with the misdemeanor offense of criminal trespass "are defective because they fail to provide" him with sufficient notice and they do not state everything the State must prove to establish his guilt, in violation of article 21.03 of the Texas Code of Criminal Procedure. Specifically, Lopez-Miranda contended that the "Complaint and Information are defective" because: (1) they do not "allege the true and correct owner of the property," (2) "they fail to state the offense with which the Defendant is charged in plain and intelligible words," (3) "the property alleged for Criminal Trespass is not properly described in the charging instruments with conflicting locations," (4) "they fail to allege a culpable mental state for the offense charged," (5) "they do not specify with particularity . . . which disaster declaration is being alleged," and (6) they "provide conflicting locations, one of which presents that [Lopez-Miranda] is innocent of the alleged Criminal Trespass because it is public property." Each of these arguments challenges the sufficiency of the complaint and information; none contend that the criminal

trespass statute is unconstitutional on its face or that the information shows, on its face, that the criminal trespass charged is barred by limitations.[2] Thus, none of the claims Lopez-Miranda asserted in his habeas application are cognizable in a pretrial habeas proceeding. *See Doster*, 303 S.W.3d at 724; *Weise*, 55 S.W.3d at 620–21.

Finally, Lopez-Miranda argued, in his habeas application, that the evidence establishes "conflicting locations, one of which presents that he is innocent of the alleged Criminal Trespass charge" and that this evidence "indicates that these charging instruments have no merit against" him. To the extent that this argument could be interpreted as an argument that the evidence is insufficient to support a conviction against him, "[a]n evidentiary sufficiency challenge may not be raised in a pretrial habeas corpus writ." *Ex parte Carter*, 514 S.W.3d 776, 784 (Tex. App.—Austin 2017, pet. ref'd); *see Woods v. State*, 153 S.W.3d 413, 415 (Tex. Crim. App. 2005); *State v. Colin-Tapio*, 679 S.W.3d 263, 265 (Tex. App.—San Antonio 2023, no pet.); *State v. Cleaton*, 5 S.W.3d 908, 910–11 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd).

Because none of Lopez-Miranda's claims are cognizable in a pretrial habeas proceeding, we sustain the State's third issue. We do not reach the remainder of the State's issues.

---

[2] In his appellate brief, Lopez-Miranda argues that he "challenged the probable cause for the arrest and charge" and that "[t]he use of the pre-trial writ to challenge the State's authority to detain on inadequate probable cause was proper." But his claims all challenge the sufficiency of the charging documents—none of his claims even make any reference to his arrest or to probable cause, let alone present a challenge to the State's probable cause for his arrest—and a challenge to the sufficiency of a charging document is a separate and distinct claim from a challenge to the sufficiency of the probable cause to support an arrest. *See Ex parte Branch*, 553 S.W.2d 380, 381 (Tex. Crim. App. 1977) (holding that the return of an indictment renders any question related to the sufficiency of the probable cause to hold a defendant prior to trial moot); *State v. Newton*, 780 S.W.2d 957, 958–59 (Tex. App.—Fort Worth 1989, no pet.) (holding that a defendant can be prosecuted by information even after a magistrate finds insufficient probable cause to detain the defendant before trial); *Gholson v. State*, 667 S.W.2d 168, 177 (Tex. App.—Houston [14th Dist.] 1983, pet. ref'd) ("The standard for judging the sufficiency of a complaint underlying an information is different from, and less stringent than, that which applies to affidavits forming the basis of arrest or search warrants."); *cf. DeVaughn v. State*, 749 S.W.2d 62, 67 (Tex. Crim. App. 1988) (discussing requirements for a legally sufficient charging document). As a result, we do not consider Lopez-Miranda's argument that a challenge to the probable cause to arrest an individual may be raised in a pretrial habeas proceeding.

**CONCLUSION**

Having determined that Lopez-Miranda failed to raise any claims that are cognizable in a pretrial habeas proceeding, we reverse the trial court's order granting Lopez-Miranda habeas relief, render judgment dismissing Lopez-Miranda's habeas application, and reinstate the information charging Lopez-Miranda with the misdemeanor offense of criminal trespass.

Lori I. Valenzuela, Justice

DO NOT PUBLISH